# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENARO BLANCO JR., | Case No. CV 12-8112 JFW (JCG) |
| Petitioner, | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| RALPH DIAZ, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections lack merit for the reasons set forth in the Report and Recommendation.

There is one issue, however, that warrants brief discussion here. Petitioner claims in his Objections that he is entitled to equitable tolling because prison officials "failed to provide current legal materials in [the] prison law library[,]" and otherwise restricted access to the library. Petitioner is wrong.

As courts routinely recognize, restricted access to the law library does not generally qualify as an extraordinary circumstance that warrants the granting of

equitable tolling. *See Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as . . . restricted access to the law library . . . do not by themselves qualify as extraordinary circumstances."). Moreover, it is Petitioner's burden to establish equitable tolling, *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002), and he fails to show or otherwise explain how his restricted access to an inadequate law library made it virtually impossible for him to timely file a federal habeas petition. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001, *as amended* Dec. 3, 2001) (lack of access to library materials does not automatically qualify as grounds for equitable tolling; rather, inquiry must be "fact-specific"); *Ciria v. Cambra*, 1998 WL 823026, at *2-3 (N.D. Cal. Nov. 10, 1998) (no equitable tolling where petitioner alleged limited law library access and inadequacy of available legal materials).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a certificate of appealability.

DATED: May 1, 2013

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE